IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,

vs.                                                3:06cr27/RV/MD
                                                   3:07cv328/RV/MD

COLLIS SHONTA ODOMS.

_____

## REPORT AND RECOMMENDATION

        This cause is before the court upon defendant's motion to vacate pursuant to
28 U.S.C. § 2255, supporting memorandum and affidavit (doc. 137, 138, 139) the
government's response thereto (doc. 152), and the defendant's reply (doc. 156).
Defendant was directed to submit a supplemental affidavit (doc. 157), which he has
done. (Doc. 158).  The court scheduled an evidentiary hearing for April 2, 2008 at
which time defendant withdrew his claim that counsel was ineffective because he
failed to file an appeal.   After a careful review of the record and the arguments
presented, it is the opinion of the undersigned that the motion should be denied.


## I.  BACKGROUND

        Defendant was charged in a two counts of a three count indictment with
conspiracy to possess with intent to distribute five kilograms or more of cocaine,
possession with intent to distribute cocaine on a date certain.   Defendant was
represented by appointed counsel Kenneth Riddlehoover.

        Defendant entered into a written plea and cooperation agreement.  (Doc. 36).
The plea colloquy was thorough and unremarkable.  (Doc. 98).  The court explained
the defendant's rights, the charges against him and the possible penalties he faced,

verified that the defendant had read and understood the plea agreement and that it contained the complete agreement he had with the government with respect to his case, and satisfied itself that defendant was entering the plea knowingly, intelligently and voluntarily before accepting the defendant's guilty plea.

In the PSR, the probation officer held defendant accountable for 24,300 kilograms of marijuana, which yielded a base offense level of 36. He received a three level downward adjustment for acceptance or responsibility for a total offense level of 33. Defendant's criminal history category was VI. (PSR ¶ 59).

Defendant objected to the inclusion of certain convictions in the calculation of his criminal history (PSR ¶¶ 49, 50, 51 & 53), stating that he was not the person convicted in the cases. The probation officer reviewed court records and concluded that the convictions did indeed pertain to the defendant. Counsel objected to the application of criminal history points for the offense listed in paragraph 54 of the PSR. (PSR ¶¶ 121, 122). Finally defendant objected to the conversion of powder to crack in determining his sentence, because neither the plea agreement nor the indictment mentioned crack cocaine. (PSR ¶¶ 123, 124).

Sentencing was conducted in two parts. On July 25, 2007, the court considered and overruled the defense objections with respect to the defendant's prior convictions. After an extended discussion about the quantity and type of drugs that should be attributed to the defendant, the court continued the hearing to allow the government time to prepare its evidence. At the reconvened proceeding on July 27, 2007, the government presented evidence with respect to the defendant's accountability for 3 kilograms of powder cocaine. The district judge determined this type and quantity to be proper, which reduced his base offense level to 28. With the acceptance of responsibility adjustment, defendant's offense level was 25. The government sought a two level adjustment for obstruction of justice, which the court sustained, although it allowed the defendant's acceptance adjustment to remain intact. With a total offense level of 27 and a criminal history category of VI, the

applicable advisory guidelines range was 130 to 162 months.  Defendant was sentenced to concurrent terms of 144 months imprisonment on counts 1 and 2, a fine of $800, and a five year term of supervised release.  Defendant was advised of his appellate rights, including the fact that the clerk of court would file a notice of appeal for him upon request, and the hearing concluded.  (Doc. 144 at 36-37).  Defendant did not appeal.

In the present motion, defendant raises three grounds for relief.  He contends that he was denied his right to appeal, that counsel was constitutionally ineffective and that the prosecutor is in breach of the plea agreement.

## II.  LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless

claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

### A.  Failure to file an appeal

Defendant makes the seemingly contradictory claims in his motion that counsel was constitutionally ineffective because he either 1) failed to file an appeal as requested, or 2) failed to consult with the defendant regarding an appeal. Defendant states in his affidavit that immediately after sentencing he told counsel that he wanted to appeal his sentence and that counsel told him he would appeal the sentence in his behalf.  (Doc. 139, exh. 1 at ¶ 4 & 5).  As a result, when defendant left the courtroom, he "fully understood" that counsel was going to appeal his sentence. (*Id.* ¶ 6).

Counsel submitted an affidavit in which he states that he discussed the possibility of an appeal with his client, but that to his "best recollection, the defendant never directed [counsel] to file an appeal." (Doc. 152, exh. 1).  Defendant was sentenced on July 27, 2006.  (Doc. 78).  On that same date, counsel wrote a letter to the defendant to "confirm [their] telephone conversation regarding the possibility of filing an appeal in [defendant's] case." (Doc. 152, exh. 1 at 3).  In this letter, counsel stated that while defendant may have grounds to appeal the court's determination with respect to the obstruction of justice adjustment, counsel did not advise that defendant pursue an appeal in order to preserve his ability to obtain a Rule 35 reduction.  Counsel also stated that based on his conversation with his client, defendant had indicated at that point that he did not wish to file an appeal of the obstruction finding.  Counsel noted that defendant had said that he might come

up with some other basis for an appeal, and counsel requested that if this was the case, that defendant notify him within the ten day time limitation for filing an appeal. Finally, counsel indicated that defendant's file would be closed unless he heard further from him.  (Doc. 152, exh. 1 at 4).

In his reply, defendant noted the conflicting statements in the affidavits presented to the court and suggested that an evidentiary hearing must be held. Because he did not address the contents of the letter sent to him by counsel <u>after</u> he allegedly made his request for an appeal at the sentencing proceeding, he was directed to submit a supplemental affidavit addressing the statements made in the letter written to him by his attorney on the date of his sentencing.  Defendant was reminded that false statements made to the court whether in the form of affidavits or sworn verbal testimony may subject him to prosecution for perjury.

He submitted a supplemental affidavit, in which he stated that on the date of sentencing:

> I did indeed request that my attorney file an appeal, and especially regarding the enhancement for obstruction of justice, and I further understood that the appeal would be filed.

(Doc. 158 at 1-2).  He contends that he remembered feeling confused when he received the letter from counsel, and that he spoke with counsel again, after which he understood that counsel did not want to file the appeal.  (*Id.* at 2).  He states that he did not understand that if he had insisted on an appeal that his attorney was legally obligated to file the appeal for him.  Some of the statements in his affidavit were unclear, but he concluded by saying that he did want to appeal the obstruction of justice enhancement and that he did not knowingly, voluntarily or intelligently waive his rights to appeal.  (*Id.*)

Because the record was still unclear, the court scheduled an evidentiary hearing for April 2, 2008.  At this hearing, the defendant, through appointed counsel, indicated his intent to waive the hearing and concede the issue.  The court questioned the defendant about this matter to ensure he understood what he was

doing, and the defendant was resolute in his decision.  Therefore, no further action is needed on this claim.

### B.  Ineffective assistance of counsel

Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993).  To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,*  494 F.3d 997, 1002  (11th Cir. 2007). "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea." *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing  *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).  In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697, 104 S.Ct. at 2069.

In determining whether counsel's conduct was deficient, this court must, with much deference, consider "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688, 104 S.Ct. at 2065; *see also Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Atkins v. Singletary*, 965 F.2d 952 (11th  Cir. 1992).  "[R]eviewing courts must indulge a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance." *Yordan v. Dugger*, 909 F.2d 474, 477 (11th Cir. 1990) (citing

*Harich v. Dugger*, 844 F.2d 1464, 1469 (11th Cir. 1988); *Dingle v. Secretary for Dept. of Corrections,* 480 F.3d 1092, 1099 (11th Cir. 2007)*; Chandler v. United States,* 218 F.3d 1305, 1314 (11th Cir. 2000); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (emphasizing that petitioner was "not entitled to error-free representation")). Counsel's performance must be evaluated with a high degree of deference and without the distorting effects of hindsight. *Strickland*,  466 U.S. at 689, 104 S.Ct. at 2065.   To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Gordon v. United States,* 496 F.3d 1270, 1281 (11th Cir. 2007); *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct. at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)).   When examining the performance of an experienced trial counsel, the presumption that counsel's conduct was reasonable is even stronger, because "[e]xperience is due some respect."   *Chandler*, 218 F.3d at 1316 n. 18.

With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different.  *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.  For the court to focus merely on "outcome determination," however, is insufficient; "[t]o set aside a conviction or sentence solely because the outcome would have been different but for counsel's error may grant the defendant a windfall to which the law does not entitle him." *Lockhart v. Fretwell*, 506 U.S. 364, 369-70, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).   Defendant therefore must establish "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart*, 506 U.S. at 369 (quoting *Strickland*, 466 U.S. at 687).  Or in the case of alleged sentencing errors, defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been less harsh due to a reduction in the defendant's offense level. *Glover v. United*

*States*, 531 U.S. 198, 203-04, 121 S.Ct. 696, 700-01, 148 L.Ed.2d 604 (2001).  A significant increase in sentence is not required to establish prejudice, as "any amount of actual jail time has Sixth Amendment significance."  *Id.*

To establish ineffective assistance, defendant must provide factual support for his contentions regarding counsel's performance.  *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987).  Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test.  *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between."  *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000).  This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted.  *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000).  "Even if counsel's decision appears to have been unwise in retrospect, the decision will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"  *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

Defendant's ineffective assistance of counsel claim contains three subparts.  First, defendant states that counsel was ineffective for his failure to lodge a "proper" objection to the adjustment for obstruction of justice and to preserve the objection for appeal.  The adjustment was based on what the government characterized as defendant's "frivolous"  denial of his former convictions, and his attempt to influence a co-defendant's decision whether to plead guilty. Defendant's assertion

that the argument was not preserved for appeal is spurious.  The record reflects that counsel objected to the government's request and argued at length in his client's behalf. (Doc. 144 at 27-30).  The sentencing transcript also reflects that although the court sustained the government's objection and applied the enhancement, it still applied the acceptance of responsibility adjustment, "even though the [guidelines] commentary indicates that [these adjustments] are mutually incompatible."  (Doc. 144 at 31).  The court noted that the defendant's behavior was:

> a blatant example of an attempt to try to manipulate the system, and he intentionally provided materially false information not only to the investigating probation officer, but he stood her in front of me when we got ready to go through the sentencing and denied that those were convictions, where he provided materially false information to me.

(Doc. 144 at 30).  Defendant has not explained what "proper" objection counsel could or should have made that would have changed the outcome of the proceedings.  Clearly, the fact that counsel objected on the record to the government's request for the application of this adjustment preserved the record for appeal, had an appeal been taken.

Defendant next asserts that counsel was ineffective because he failed to object to the calculation of defendant's criminal history.  He contends that counsel should have objected to paragraphs 53 and 54 of the PSR being counted as two convictions, and that these convictions should have been treated as one for the purpose of his criminal history calculations because they had been consolidated for trial and sentencing.

Paragraph 53 of the PSR details a traffic court conviction for attaching a tag not assigned.  The offense conduct occurred on August 24, 2004, and defendant pleaded nolo contendere on February 14, 2005 and was sentenced to 6 months in the county jail and an $810 fine.  Paragraph 54 of the PSR involved one count of possession of under 20 grams of marijuana and one count for possession and/or use of drug paraphernalia.  Defendant pleaded nolo contendere to these charges on

February 14, 2005 and was sentenced on count one to 11 months, 15 days county jail, with all but six months suspended and to run concurrently to the sentence in the traffic case, and a concurrent six month sentence on count two.

Defendant cites to application note 3 to U.S.S.G. § 4A1.2 (2006) in support of his argument that the convictions were related.  However, defendant's citation to application note 3 is incomplete, and ignores the portion of the note that defeats his claim.  This note in pertinent part provides:

> <u>Related Cases</u>.  Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (<u>i.e.</u>, the defendant is arrested for the first offense prior to committing the second offense).  Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, comment. (n.3) (Nov. 2006).  In the 2007 version of the guidelines manual, this provision has been moved from the commentary to the actual text of §4A1.2(a)(2).  In either event, defendant's two convictions, which were separated by an intervening arrest under the guidelines definition, do not qualify as related offenses such that they should have been scored together.   Counsel is not ineffective for failing to preserve or argue a meritless claim.  *See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue); *Lancaster v. Newsome*, 880 F.2d 362, 375 (11th Cir. 1989) (counsel was not ineffective for informed tactical decision not to make what he believed was a meritless motion challenging juror

selection procedures where such a motion has never been sustained because such a motion would not have been successful).  No relief is warranted on this claim.

Defendant's final ineffective assistance of counsel argument is that counsel was ineffective because he did not adequately assist the defendant in his cooperation with the government, and essentially "abandoned" him during periods of cooperation and debriefing.  He asserts that counsel never attended any of the numerous proffer sessions between him and the government or its agents, never assisted him in ensuring the government's compliance with the terms of the plea agreement and established no communication between the government and the defendant with respect to cooperation.

The defendant's plea agreement specifically provides that the defendant agreed to provide truthful information to the Government and to be "interviewed as part of Defendant's cooperation under this agreement by the government or its state and/or local designees without prior notice or the presence of counsel."  (Doc. 36 at 3-4).  Having agreed to participate in unrepresented proffer sessions, defendant cannot now be heard to claim that counsel was constitutionally ineffective for failing to participate in such sessions.  As will be discussed further in the next session, it was the defendant's own conduct that thwarted his ability to receive a substantial assistance motion, not counsel's.

### C.  Breach of Plea Agreement

Defendant's last ground for relief was that the government breached the plea agreement because it failed to file a substantial assistance motion in his behalf.

A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred.  *See Bousley v. United States,* 118 S.Ct. 1604, 1610 (1998); *United States v. Montano,* 398 F.3d 1276 (11th Cir. 2004); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir.

1994)(recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"), *cert. denied*, 514 U.S. 1112, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error or that he is "actually innocent." *Bousley,* 118 S.Ct. at 1611 (citations omitted); *United States v. Montano,* 398 F.3d 1276 (11th Cir. 2004). In the alternative, a defendant can overcome the procedural bar created by the failure to appeal if he could show a fundamental miscarriage of justice. *Montano*, 398 F.3d at 1280 (citing *Mills*, 36 F.3d at 1055 (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986))). Defendant's failure to raise this issue on appeal results in a procedural bar. It is also without merit.

The plea and cooperation agreement signed by the defendant provided as follows:

> If, <u>in the sole discretion of the United States Attorney</u>, the Defendant is deemed to have provided substantial assistance in the investigation or prosecution of other persons who have committed offenses, if the Defendant has otherwise complied with all terms of this agreement, and if this assistance is prior to sentencing or within the time provided by Rule 35, Federal Rules of Criminal Procedure, then the United States Attorney will file a substantial assistance motion. Determination of whether the Defendant has provided substantial assistance will not depend upon charges being filed or convictions being obtained as a result of Defendant's cooperation. Should a substantial assistance motion be filed, the granting of relief and the extent of relief is left solely to the discretion of the District Court.

(Doc. 36 at 5-6) (emphasis supplied). Defendant stated under oath during his plea colloquy that there were no promises that had been made to him that were not disclosed in the written agreement. (Doc. 98 at 20).

Defendant now claims that he was entitled to receive a substantial assistance motion because he cooperated in the investigation and prosecution of his co-defendant Smith, he was debriefed on numerous occasions and was available to testify at trial.  He asserts that he is entitled to specific performance of the plea agreement.

The decision to file a 5K1 motion is a matter of prosecutorial discretion, a fact that is clearly reflected in the plea and cooperation agreement signed by defendant in this case.  *United States v. Nealy,* 232 F.3d 825, 831 (11th Cir. 2000), *cert. denied,* 122 S.Ct. 552, 151 L.Ed.2d 428 (2001); *United States v. Orozco,* 160 F.3d 1309, 1315 (11th Cir. 1998); *United States v. Forney*, 9 F.3d 1492, 1501 (11th Cir. 1993).  The government has a power, not a duty, to file such a motion when a defendant has substantially assisted.  *Wade v. United States*, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992).  Even plea agreements that require the government *to consider* whether the aid to the prosecution constitutes substantial assistance do not create a contractual duty to file a 5K1 motion.  *Forney*, 9 F.3d at 1499-1500.  Judicial review of a decision not to file a 5K1 motion is appropriate only where there is an allegation and substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation, such as race or religion.  *Wade*, 504 U.S. at 185-86, 112 S.Ct. at 1843-44, 118 L.Ed.2d 524; *United States v. Dorsey*, 512 F.3d 1321, 1324 (11th Cir. 2008); *Nealy*, 232 F.3d at 831.  The Eleventh Circuit has held that refusing to file a 5K1.1 motion in retribution for the exercise of the Sixth Amendment right to a trial by jury is an unconstitutional motive under *Wade*. *Dorsey*, 2512 F.3d at 1325.  In such a situation, the district court may have the authority to depart absent a motion by the government if the defendant makes a "substantial showing" that the government's refusal to file a substantial assistance motion was based on an unconstitutional motive.  *Id.* No such motive was alleged in this case.  Furthermore, filing of a certification of substantial assistance generally signifies that the defendant's assistance has yielded actual, useful results, not merely that the defendant made a

substantial good faith effort in his attempts to assist.   *See United States v. Gonsalves*, 121 F.3d 1416, 1419 (11th Cir. 1997) (citation omitted).   "The substantial assistance regime is not a spoils system designed simply to reward a cooperative defendant; it is designed to benefit the government in its prosecution efforts." *United States v. Orozco*, 160 F.3d 1309, 1315 (11th Cir. 1998), *cert. denied*, 528 U.S. 1082, 120 S.Ct. 805, 145 L.Ed.2d 678 (2000).  A defendant's disappointment that his cooperation did not rise to the level of substantial assistance does not alone warrant a finding that the motion should have been filed.

The matter of defendant's attempts at cooperation with the government were discussed at sentencing.  Agent Sonya Bryant with the DEA testified that the defendant was not truthful during his first meeting with the DEA and for that reason he was not used as a witness during his co-defendant's trial. (Doc. 144 at 20).  Agent Bryant provided examples of defendant's untruthful or inconsistent statements to investigators and his attempts to influence co-defendant Jones' decision on how to handle her case (*id.* at 20, 23-24).  Counsel and the court discussed the effect of the defendant's untruthfulness concerning his prior convictions and his prevarications about his involvement in the conspiracy. (*Id.* at 29-30).  He stated under oath that no promises had been made to induce him to enter into the agreement, and the plain language of the agreement contains no such guarantees.  See *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971). Clearly, defendant has not shown that he was entitled to a substantial assistance motion, and in fact, it appears that he, not the government, was in breach of the plea agreement.[1]  There being no factual or legal basis for his claim, he is not entitled to relief.

---

1  The plea agreement provided that the United States Attorney may revoke the agreement by showing by a preponderance of the evidence that either the defendant had refused to cooperate as required by the agreement or that his statements or testimony had been untruthful or incomplete.  (Doc. 36 at 4)

Accordingly, it is respectfully **RECOMMENDED**:

That defendant's motion to vacate, set aside or correct sentence (doc. 137) be denied.

At Pensacola, Florida this 10th day of April, 2008.



/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).